UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL OUTDOOR, INC.,

                            CASE NO. 2:11-CV-14719
         Plaintiff,        JUDGE GERALD E. ROSEN
                            MAGISTRATE JUDGE PAUL J. KOMIVES

v.

CITY OF SOUTHGATE,

         Defendant,

_____/

### REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S DECEMBER 13, 2011 MOTION TO STRIKE AFFIRMATIVE DEFENSES (Doc. Ent. 7)

**Table of Contents**

I.     **RECOMMENDATION:** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**

II.     **REPORT:** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
     A.     **Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **2**
     B.     **Plaintiff's December 13, 2011 Motion to Strike Affirmative Defenses** . . . . . . **3**
     C.     **Pending Dispositive Motions** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**
     D.     **Discussion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**
             1.     **Affirmative defenses 1-3 and 11-14.** . . . . . . . . . . . . . . . . . . . . . . . . **5**
             2.     **Affirmative defense 4.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**
             3.     **Affirmative defense 5.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**
             4.     **Affirmative defenses 6-10.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
             5.     **Affirmative defense 15.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**
             6.     **Affirmative defenses 23 and 24.** . . . . . . . . . . . . . . . . . . . . . . . . . . **15**
             7.     **Timeliness.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **21**

III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:** . . . . . . . . . . . . . . . . . . . . . . **21**

I.    **RECOMMENDATION:** The Court should deny in part, deem resolved in part and grant

in part plaintiff's December 13, 2011 motion to strike affirmative defenses (Doc. Ent. 7).[1]

Specifically, affirmative defenses Nos. 1-4, 6-14, 23 and 24 should not be stricken.

Affirmative defense No. 5 should be stricken, but defendant should be permitted to file a motion

to amend its affirmative defenses in the event plaintiff later asserts or the Court determines that

plaintiff has already asserted a tort claim. Finally, affirmative defense No. 15 has now been

waived.

II.   **REPORT:**

A.    **Background**

On or about September 26, 2011, International Outdoor, Inc., filed this lawsuit against

the City of Southgate in Wayne County Circuit Court. The causes of action include (I) common

law exclusionary zoning, ¶¶ 17-22; (II) deprivation of civil rights under color of state law

through violation of plaintiff's First and Fourteenth Amendment free speech rights, ¶¶ 23-30;

and (III) violation of due process, ¶¶ 31-35. Doc. Ent. 1 at 8-14.[2]

---

[1]Judge Rosen referred this motion to me for hearing and determination. Doc. Ent. 8. However, "a motion to strike affirmative defenses is issue dispositive." *StairMaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc.*, 182 F.R.D. 117, 120 (D. Del. 1998). *See also Caballero v. AAA Diversified Services, Inc.*, No. 8:10-cv-680-T-23EAJ, 2010 WL 3222102, 1 (M.D. Fla. Aug. 16, 2010) (adopting Magistrate Judge's report and recommendation regarding motion to strike affirmative defenses), *Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2010 WL 2884639 (E.D. Mich. July 20, 2010) (Lawson, J.) (order overruling plaintiff's objections to report and recommendation, adopting magistrate judge's report and recommendation, and denying plaintiffs' motions to strike affirmative defenses). Therefore, my conclusions are submitted in the form of a report and recommendation.

[2]Attached to the complaint is a photocopy of the City of Southgate's Sign Ordinance (Chapter 1298). Doc. Ent. 1 at 15-21.

Defendant removed the case to this Court on October 26, 2011. Doc. Ent. 1 at 3-6. On

the same day, defendant filed an answer to plaintiff's complaint (Doc. Ent. 2 at 1-6) and

affirmative and special defenses (Doc. Ent. 2 at 7-10).[3] Defendant's October 26, 2011

affirmative and special defenses number one (1) to twenty-four (24). Doc. Ent. 2 at 7-10.

Judge Rosen conducted a scheduling conference on November 9, 2011. In his November

10, 2011 scheduling order, he set the discovery deadline for March 16, 2012, the dispositive

motion cut-off for April 16, 2012, and the final pretrial conference for September 6, 2012. Doc.

Ent. 5.[4]

## B.    Plaintiff's December 13, 2011 Motion to Strike Affirmative Defenses

On December 13, 2011, plaintiff filed a motion to strike affirmative defenses, whereby

plaintiff seeks to strike affirmative defense Nos. 1-15, 23 and 24. Doc. Ent. 7 at 4.

The City of Southgate responded on December 27, 2011. Doc. Ent. 9. International

Outdoor filed its reply on January 12, 2012. Doc. Ent. 11.

A hearing on this motion was noticed for January 30, 2012. Doc. Ent. 10. On that date,

attorneys Trevor M. Salaski and Timothy S. Wilhelm appeared.[5]

---

[3]On November 15, 2011, defendant filed a notice of filing of corrected exhibit to its notice of removal (Doc. Ent. 6 at 1-2), which contains the Building Department Denial Letter dated July 19, 2011 (Doc. Ent. 6 at 20) and the City Attorney Letter dated July 12, 2011 (Doc. Ent. 6 at 22).

[4]On March 1, 2012, the City of Southgate filed its preliminary witness list. Doc. Ent. 12. On the same date, International Outdoor served its witness list. Doc. Ent. 13 (Certificate of Service). On March 9, 2012, Judge Rosen filed a stipulated order extending defendants' time to file a motion regarding discovery. Doc. Ent. 14. On March 21, 2012, Judge Rosen entered a second stipulated order regarding plaintiff's supplemental responses and extending defendant's time to file a motion regarding discovery. Doc. Ent. 15.
On April 2, 2012, the City of Southgate filed its final witness list. Doc. Ent. 16.

[5]During the January 30, 2011 oral argument, defense counsel notified the Court of defendant's intent to file a Fed. R. Civ. P. 12(b)(6) motion based on failure to state a claim (a claim

3

## C.    Pending Dispositive Motions

Since plaintiff's December 2011 filing of its motion to strike affirmative defenses (Doc.

Ent. 7), two dispositive motions have been filed.  First, on April 13, 2012, the City of Southgate

filed a motion for summary judgment (Doc. Ent. 17).  Therein, defendant argues:

- •    Plaintiff Lacks A Redressable Injury And Consequently Lacks Standing.

- •    The City's Prohibition On New Billboard And Off-Premises Signs Is Constitutional.

- •    Plaintiffs' Claims Are Not Yet Ripe For Adjudication.

- •    Plaintiff's Common Law Exclusionary Zoning Claim Fails On Its Merits.

Doc. Ent. 17 at 4.

Second, on April 16, 2012, International Outdoor filed a motion for summary judgment

(Doc. Ent. 18).  Therein, plaintiff argues:

- •    International is entitled to judgment on Count I because Southgate's total exclusion, of off-premise advertisement has no reasonable relationship to the health, safety, or general welfare of the community.

- •    International is entitled to judgment as a matter of law on Count III because there is no genuine issue of material fact that Southgate's sign ordinance prohibits all off-premise commercial and noncommercial advertising.

Doc. Ent. 18 at 6.

## D.    Discussion

---

expressly embodied in affirmative defenses 1-3 and 12 and arguably embodied in affirmative defenses 11 and 13-14) and a Fed. R. Civ. P. 12(b)(1) motion regarding ripeness (a claim expressly embodied in affirmative defenses 6 and 7 and arguably embodied in affirmative defenses 8-10).

I encouraged defense counsel not to delay on the filing of this motion and counsel for the parties not to delay engaging in discovery pending my entry of a report and recommendation on the instant motion.

1.      **Affirmative defenses 1-3 and 11-14.**  These affirmative defenses basically assert either that plaintiff has failed to state a claim, cannot establish or prevail on a certain cause of action, and/or disputes an interpretation of Section 1298.18(c)(7) of the City's Sign Ordinance.  Doc. Ent. 2 at 7-9 ¶¶ 1-3, 11-14.

It is plaintiff's position that "Southgate's purported affirmative defenses in paragraphs 1-3 and 11-14 are not true affirmative defenses and should be stricken."  Doc. Ent. 7 at 7.  In response, defendant argues that its "affirmative defenses 1-3 and 11-14 are properly pleaded pursuant to FRCP 12(h)(2)."  Doc. Ent. 9 at 12-13; *see also* Doc. Ent. 9 at 17 ("Defendant's affirmative defense 11 is valid, proper and sufficient.").

Each party cites case law in support of its position.  For example, plaintiff points out that "[a]n affirmative defense, under the meaning of Fed.R.Civ.P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."  *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, 3 (6th Cir. Aug. 13, 1997).  It is plaintiff's position that "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case."  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010) ("these affirmative defenses, which, in fact, are merely rebuttal to plaintiff's claims are stricken.").  Furthermore, "a Rule 12(b)(6) affirmative defense should ordinarily generate an immediate motion to dismiss, not the mere boilerplate recitation among a list of possible defenses[.]" *Safeco Ins. Co. of America v. O'Hara Corp.*, No. 08-10545, 2008 WL 2558015, 1 (E.D. Mich. June 25, 2008) (Cleland, J.).  *See also J & J Sports Productions, Inc. v. Delgado*, No. 10-2517, 2011 WL 219594, *2 (E.D. Cal. January 19, 2011) ("Failure to state a

claim is not an affirmative defense. A defendant may file an appropriate motion to dismiss for failure to state a claim upon which relief may be granted, and asserting it as a defense in the answer is not a necessary prerequisite to bringing such a motion. Accordingly, the court will grant plaintiff's motion to strike this affirmative defense.") (internal citations omitted).

By comparison, defendant contends that "the Federal Rules do not prohibit raising 'failure to state a claim' as an affirmative defense." Doc. Ent. 9 at 13. "[T]he failure-to-state-a-claim defense can be pleaded as an affirmative defense but may also be raised in any pleading allowed under Rule 7(a), by a motion to dismiss, or at trial." *Ruffin v. Frito-Lay, Inc.*, No. 09-14664, 2010 WL 2663185, 3 (E.D. Mich. June 10, 2010) (report and recommendation of Binder, M.J.) (citing *Dynasty Apparel Industries, Inc. v. Rentz*, 206 F.R.D. 603, 607 (S.D. Ohio 2002) (citing Fed. R. Civ. P. 12(h)(2))), *adopted* 2010 WL 2663184 (E.D. Mich. July 2, 2010) (Ludington, J.); *see also Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, No. 09-01098, 2011 WL 4729811, 15 (M.D. Tenn. Oct. 7, 2011) ("The Federal Rules, however, do not prohibit raising 'failure to state a claim' as an affirmative defense. Rule 12(h)(2)(A) permits a party to raise 'failure to state a claim' in 'any pleading allowed or ordered under Rule 7(a),' which includes the Answer."); *Hughes v. Lavender*, No. 10-674, 2011 WL 2945843, 4 (S.D. Ohio July 20, 2011) ("'[I]t is well-settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in [an] answer.'") (order and report and recommendation of Kemp, M.J.) (quoting *Securities and Exchange Commission v. Toomey*, 866 F.Supp. 719, 723 (S.D.N.Y. 1992)); *United States Securities and Exchange Commission v. Thorn*, No. 01-290, 2002 WL 31412440, 4 (S.D. Ohio Sept. 30, 2002) ("the SEC's motion to strike the affirmative defenses of failure to state a claim

raised by Thorn and the Financial Ventures Defendants is denied."); and *Dynasty Apparel Industries Inc. v. Rentz*, 206 F.R.D. 603, 607 (S.D. Ohio 2002) ("Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted can be made in any pleading permitted under Rule 7(a). An answer is a pleading permitted by Rule 7(a).").

After consideration of the foregoing, I am persuaded that affirmative defenses 1-3 and 11-14 should not be stricken solely on the basis that they are improper affirmative defenses. *See also Barnes & Noble, Inc. v. LSI Corp.*, No. 11-2709, 2012 WL 359713, 18 (N.D. Cal. Feb. 2, 2012) (citing Fed. R. Civ. P. 12(h)(2), "[b]ecause the Federal Rules expressly allow it, Defendants' motion to strike the failure to state a claim defense is DENIED."); *Robinson v. Adams*, No. 08-01380, 2009 WL 4042894, 1 (E.D. Cal. Nov. 20, 2009) ("The Court agrees with the decision in *Hernandez v. Balakian*, in which the district court found *Quintana's* reasoning to be 'legally inaccurate and not persuasive' given that an answer is a permissible pleading and a defense for failure to state a claim may be raised in any permissible pleading.") (citing *Hernandez v. Balakian*, No. 06.1383, 2007 WL 1649911, *2 (E.D. Cal. Jun.1, 2007)); *Sayad v. Dura Pharmaceuticals, Inc.*, 200 F.R.D. 419, 422 -423 (N.D. Ill. 2001) ("Form 20 of the Appendix of Forms in the Federal Rules of Civil Procedure clearly contemplates the use of Rule 12(b)(6) defenses in an answer."); and *Millonzi v. Hillside Bank*, No. 85-1215, 1985 WL 2729, 2 (N.D. Ill. 1985) ("as to the failure to state a claim defense, defendants are correct that this defense may be pleaded or raised by motion at the option of the pleader. Fed.R.Civ.Pro. 12(b)(6).").

2.      **Affirmative defense 4.**  Plaintiff maintains that "Southgate's purported affirmative defense in paragraph 4 based on International's alleged lack of property interest is irrelevant to a

First Amendment free speech claim and should be stricken." Doc. Ent. 7 at 8. *Citing Owens v. Rush*, 654 F.2d 1370 (1981),[6] plaintiff argues that "the defense in paragraph 4 is legally insufficient because no property interest is needed to assert a First Amendment free speech claim." Doc. Ent. 7 at 8.

Defendant responds that its "affirmative defense 4 is proper and sufficient as to plaintiff's due process claim in Count III." Doc. Ent. 9 at 13-14. Count III of plaintiff's complaint is labeled, "VIOLATION OF DUE PROCESS." However, two of its paragraphs expressly mention the First Amendment. *See* Doc. Ent. 1 at 13 ¶¶ 31-35. Defendant presumes the restatement of plaintiff's First Amendment claim is "an attempt to invoke the Fourteenth Amendment and ensure that its First Amendment claim is applicable to the City [of Southgate]." Doc. Ent. 9 at 14.

Defendant's affirmative defense #4 states, "Plaintiff cannot establish that it possesses the requisite constitutionally-protected property interest necessary to assert its constitutional claims." Doc. Ent. 2 at 8 ¶ 4. According to defendant, "[t]he inconsistency between the label and substance of Count III necessitated that the City assert Affirmative Defense 4." It is defendant's position that, "[t]o the extent Plaintiff is asserting a due process claim [procedural or substantive], Affirmative Defense 4 provides Plaintiff with fair notice that it has not, and likely cannot, establish that it possessed a constitutionally protected property or liberty interest in the approval of its request for permits to erect eight 70-foot tall 672 square foot billboard signs in Southgate." Doc. Ent. 9 at 14.

---

[6]*Owens*, 654 F.2d at 1379 ("The Supreme Court has made it emphatically clear that even though a plaintiff's liberty or property interest is required as a premise for a procedural due process claim, such an interest is irrelevant to his free speech claim.") (citations and quotations omitted).

The Court should agree and should not strike defendant's affirmative defense No. 4 on the basis that it is irrelevant to a First Amendment free speech claim.

**3.      Affirmative defense 5.**  Count I of plaintiff's complaint is titled, "Common Law Exclusionary Zoning."  Doc. Ent. 1 at 11 ¶¶ 17-22.  According to plaintiff, "[t]he Sign Ordinance expressly prohibits billboards in Southgate and is a total exclusion of an otherwise permissible use under the United States Constitution and the laws of the state of Michigan."  Doc. Ent. 1 at 11 ¶ 20.

Defendant's affirmative defense 5 states that "[p]laintiff's claim for common law exclusionary zoning [Count I] is barred by the doctrine of governmental immunity."  Doc. Ent. 2 at 8 ¶ 5.  The Court assumes this affirmative defense is based upon Mich. Comp. Laws § 691.1407 ("Governmental immunity from tort liability").

Plaintiff argues that the governmental immunity defense should be stricken on the basis that it is legally and factually insufficient.  Doc. Ent. 7 at 10-11.  Specifically, citing *Borg-Warner Acceptance Corp. v. Department of State*, 433 Mich. 16, 19, 444 N.W.2d 786, 787 (Mich. 1989),[7] plaintiff argues that "there is no legal support for such a defense under Michigan law."  It is plaintiff's position that affirmative defense 5 is irrelevant and should be stricken, because plaintiff's complaint "does not contain a common-law tort claim against Southgate."  Doc. Ent. 7 at 10.

_____

[7]"[N]on-tort causes of action are not barred by immunity if a plaintiff successfully pleads and establishes such a cause of action."  *Borg-Warner Acceptance Corp. v. Department of State*, 433 Mich. 16, 19, 444 N.W.2d 786, 787 (Mich. 1989) (citing *Ross v. Consumers Power Co.*, 420 Mich. 567, 363 N.W.2d 641 (1984)).

Defendant responds that its "affirmative defense 5 asserting governmental immunity is proper and sufficient as to Count I - common law exclusionary zoning." Doc. Ent. 9 at 14-15. Defendant explains that "[i]n order to avoid any possible inadvertent waiver due to a lack of information, Affirmative Defense 5 provides Plaintiff with fair notice that if Count I is determined to sound in tort, Defendant asserts the affirmative defense of governmental immunity." Doc. Ent. 9 at 15.

Plaintiff replies that Southgate "provides absolutely no basis for asserting that a common-law exclusionary zoning claim could sound in tort[.]" Furthermore, plaintiff points to defendant's affirmative defenses 11-13, each of which asserts a reason for which plaintiff cannot establish or fails to state a claim for and cannot prevail on its common law exclusionary zoning claim. Doc. Ent. 11 at 4.

Michigan cases discuss both statutory exclusionary zoning and constitutional exclusionary zoning claims at common law. *See, i.e.*, *Hendee v. Putnam Tp.*, 486 Mich. 556, 579, 786 N.W.2d 521, 534 (2010) (Cavanagh, J., concurring) ("The question before this Court is whether plaintiffs' constitutional and statutory exclusionary zoning claims are ripe for review."); *DF Land Development, LLC v. Charter Tp. of Ann Arbor*, No. 291362, 2010 WL 2757000, 7 (Mich. App. July 13, 2010) ("The final issue on appeal is whether a statutory exclusionary zoning claim pursuant to MCL 125.3207 is distinct from a 'constitutional' exclusionary zoning claim at common law, pursuant to *Kropf*."); *DF Land Development, L.L.C. v. Charter Twp. of Ann Arbor*, No. 275859, 2008 WL 4684083, *7-*9 (Mich. App. Oct. 23, 2008) (analyzing a claim under Mich. Comp. Laws § 125.297a and a constitutional exclusionary zoning claim).

The Court has not been made aware of a case which addresses governmental immunity from tort liability (Mich. Comp. Laws § 691.1407) and exclusionary zoning. Although the Court was able to locate a Michigan case in which both exclusionary zoning and governmental immunity were mentioned, it was a case in which a plaintiff had voluntarily dismissed the exclusionary zoning claim and governmental immunity (Mich. Comp. Laws § 691.1407) was discussed with respect to the tort claims of abuse of process and tortious interference with advantageous business relationships. *See Sackllah Investments, L.L.C. v. Charter Tp. of Northville*, No. 293709, 2011 WL 3476808 (Mich.App. Aug. 9, 2011). A similar search for a federal case revealed only a case wherein § 691.1407 was mentioned regarding a plaintiff's argument that Michigan had abolished common law immunity for local legislators and the state law claim of exclusionary zoning was dismissed as supplemental. *See Parkview Homes, Inc. v. City of Rockwood*, No. 05-cv-72708-DT, 2006 WL 508647 (E.D. Mich. Feb. 28, 2006) (Cleland, J.) (opinion and order granting defendant's motion to dismiss and denying plaintiff's motion to amend and motion to compel).

Therefore, the Court should grant plaintiff's motion to strike with respect to affirmative defense No. 5. However, defendant should be permitted to file a motion to amend its affirmative defenses pursuant to Fed. R. Civ. P. 15 to include an assertion of governmental immunity in the event plaintiff asserts a tort claim or the Court determines plaintiff has asserted such a claim.[8]

**4.** **Affirmative defenses 6-10.** Plaintiff contends that "Southgate's purported affirmative defenses in paragraphs 6 through 10 that the claims are not ripe and the Court lacks subject

---

[8]In fact, at the conclusion of its October 26, 2011 filing, defendant specifically "reserves the right to raise additional and further Affirmative and Special Defenses which may become known throughout the course of further discovery proceedings in this matter." Doc. Ent. 2 at 10 ¶ 25.

matter jurisdiction are legally and factually insufficient and should be stricken." Doc. Ent. 7 at

8-9.  In support of this argument, plaintiff points to the Building Department Denial Letter dated

July 19, 2011 (Doc. Ent. 6 at 20) and the City Attorney Letter dated July 12, 2011 (Doc. Ent. 6 at

22), by which defendant allegedly communicated that an appeal was unavailable.  Also, plaintiff

relies upon *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496 (1982),[9] *Porter v. Nussle*,

534 U.S. 516 (2002),[10] and *Carey v. Wolnitzek*, 614 F.3d 189 (6th Cir. 2010).[11]

According to defendant, its "affirmative defenses 6-10 asserting lack of ripeness and

failure to exhaust are properly pleaded and provide fair notice to plaintiff."  Doc. Ent. 9 at 15-16.

Within this argument, defendant relies upon *Williamson County Regional Planning Com'n v.*

*Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)[12] and *Paragon Properties Co. v. City of*

*Novi*, 452 Mich. 568, 550 N.W.2d 772 (1996).[13]

---

[9]"Based on the legislative histories of both § 1983 and § 1997e, we conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983."  *Patsy*, 457 U.S. at 516.

[10]"Ordinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in court."  *Porter*, 534 U.S. at 523.

[11]"In the context of a free-speech overbreadth challenge like this one, a relaxed ripeness standard applies to steer clear of the risk that the law 'may cause others not before the court to refrain from constitutionally protected speech or expression.'"  *Carey*, 614 F.3d at 196 (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973)).

[12]"[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue."  *Williamson County Regional Planning Com'n*, 473 U.S. at 186-187.

[13]"Because Paragon failed to obtain a final decision from which an actual or concrete injury can be determined, its constitutional claim [that the Novi zoning ordinance as applied to Paragon's property effected an unconstitutional taking] is not ripe for review."  *Paragon Properties Co.*, 452 Mich. at 571 & 583, 550 N.W.2d at 773 & 778.

In reply, plaintiff contends that "Southgate's affirmative defenses in paragraphs 6 through 10 should be stricken." Doc. Ent. 11 at 3-4. Here, plaintiff points out that "'affirmative defenses, which, in fact, are merely rebuttal to plaintiff's claims' should be stricken." *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011) (quoting *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d at 1174 (striking eight "negative" defenses)). Also, plaintiff also cites *Michigan Chamber of Commerce v. Land*, 725 F.Supp.2d 665 (W.D. Mich. 2010).[14] Plaintiff asserts that *Williamson* and *Paragon* are inapposite, because those cases involved claims of unconstitutional takings while the instant case involves claims of violation of the First Amendment right to free speech. Additionally, plaintiff cites *Ruffin v. Frito-Lay, Inc.*, No. 09-cv-14664, 2010 WL 2663185, 4 (E.D. Mich. June 10, 2010) (report and recommendation of Binder, M.J.) ("As to the failure-to-exhaust-administrative-remedies affirmative defense, although a Title VII plaintiff must exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunities Commission or the appropriate state commission, a plaintiff is not required to exhaust remedies before pursuing a § 1981 claim.") (citations omitted).

Upon consideration, the Court should deny plaintiff's motion to strike with respect to defendant's affirmative defenses Nos. 6-10, which raise the issues of ripeness, subject matter jurisdiction and exhaustion. Even if the Court were to conclude that the affirmative defenses based upon ripeness, subject matter jurisdiction and/or failure to exhaust were more

---

[14]"It is undisputed that all three plaintiffs are ready to engage in activities which are arguably protected by the First Amendment, but are not doing so due to their fear of prosecution under the Secretary's interpretation of Mich. Comp. Laws § 169.254(1). Thus this matter is ripe for decision." *Michigan Chamber of Commerce*, 725 F.Supp.2d at 676 (internal citations omitted).

appropriately the subject of dispositive motion practice, these issues are substantively before the

Court in defendant's April 13, 2012 motion for summary judgment (Doc. Ent. 17).  Therein,

defendant argues that "Plaintiff [has not] obtained a final and definitive decision from the City

regarding the nature and extent of the regulation applicable to its proposed signs such that its

claims are ripe for adjudication for this Court to have subject matter jurisdiction over Plaintiff's

claims[.]"  Doc. Ent. 17 at 8.  Furthermore, the City of Southgate states:

> Plaintiff's claims are not ripe for adjudication because it failed to do any of the
> following: (1) appeal the denial of its applications to the City's Zoning Board of
> Appeals; (2) request a variance from the Zoning Board of Appeals from the City's
> Ordinance prohibiting new billboard signs; or (3) request an amendment to the
> City's Sign Ordinance to allow its proposed billboard signs. Therefore, Plaintiff
> failed to obtain a final decision from the City and ripen its claims for adjudication
> before this Court. Without a final decision regarding the application of the City's
> Ordinance to Plaintiff's applications and proposed signs, Plaintiff's claims are not
> yet ripe and they must be dismissed for lack of subject matter jurisdiction.

Doc. Ent. 17 at 11.  In this same motion defendant argues that "plaintiffs' claims are not yet ripe

for adjudication."  Doc. Ent. 17 at 23-26.  Naturally, plaintiff's argument that it was not required

to exhaust administrative remedies will be addressed by the Court when it rules upon defendant's

motion for summary judgment.

**5.**     **Affirmative defense 15.**  Plaintiff argues that defendant's "purported affirmative

defenses in Paragraph 15 that the sign ordinance is presumed constitutional is utterly baseless

and should be stricken."  Doc. Ent. 7 at 9-10.  In its December 27, 2011 response, defendant

argued that its "affirmative defense 15 asserting that Section 1298.18(C)(7) is presumed to be

constitutional is proper and sufficient."  Doc. Ent. 9 at 17.

However, during the January 30, 2012 oral argument, defense counsel confirmed defendant's December 27, 2011 statement that "[d]efendant agrees to waive Affirmative Defense 15[.]" Doc. Ent. 9 at 17.

**6.**     **Affirmative defenses 23 and 24.**  These affirmative defenses allege that "[p]laintiff failed to mitigate its damages[,]" and "[p]laintiff's alleged injury and damages are the result of its own actions and/or inactions or those of others."  Doc. Ent. 2 at 10 ¶¶ 23, 24.

Plaintiff argues that affirmative defenses 23 and 24 should be stricken on the basis that they are legally and factually insufficient.  Doc. Ent. 7 at 10-11.  For example, plaintiff claims that affirmative defense 23 does not "identify any method by which International could have mitigated its damages or how it failed to do so."  Also, with respect to affirmative defense 24, plaintiff claims that defendant "fails to allege any facts regarding how International's damages were self-imposed or caused by anyone other than Southgate."  Doc. Ent. 7 at 10.

In support of its argument that affirmative defenses 23 and 24 should be stricken, plaintiff cites *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *United States v. Quadrini*, No. 2:07-cv-13227, 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007) (Pepe, M.J.) (opinion and order regarding plaintiff's motion to strike affirmative defenses);[15] *HCRI TRS Acquirer, L.L.C. v. Iwer*,

---

[15]"This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a 'reasonably founded hope' of success, cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses, otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules 8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge. Thus, a wholly conclusory affirmative defense is not sufficient. Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success[.]" *Quadrini*, 2007 WL 4303213 at 4.

708 F.Supp.2d 687 (N.D. Ohio 2010)[16] and *Safeco Ins. Co of America v. O'Hara Corp.*, No. 08-cv-10545, 2008 WL 2558015 (E.D. Mich. June 25, 2008) (Cleland, J.) (opinion and order granting plaintiff's "motion to strike affirmative defenses").[17]  Doc. Ent. 7 at 10-11.  *See also Shinew v. Wszola*, No. 08-14256, 2009 WL 1076279 (E.D. Mich. Apr. 21, 2009) (Scheer, M.J.).[18]

Southgate responds that its "affirmative defenses 23 and 24 are proper and sufficient." Doc. Ent. 9 at 17-18.  Southgate contends that the Court should apply the "fair notice" standard, as opposed to the *Twombly* standard.  It is defendant's position that affirmative defenses Nos. 23 and 24 "provide Plaintiff with fair notice of the nature of the defense."  Doc. Ent. 9 at 17.  In support of this claim, Southgate cites *First Nat. Ins. Co. of America v. Camps Services, Ltd.*, No. 08-12805, 2009 WL 22861 (E.D. Mich. Jan. 5, 2009) (Cox, J.) (denying plaintiff's motion to strike affirmative defenses, where one of the defenses was "Plaintiff's claims are barred, in whole or in part, by their own actions[,]" and another was "Plaintiff failed to mitigate its damages, if any, which resulted from any alleged conduct by Camps.")[19] and *Sony/ATV Music Pub. LLC v.*

---

[16]"This Court strikes the first two defenses (equitable estoppel and impairment of collateral) with prejudice, because Defendants have waived them as a matter of law, and strikes the third affirmative defense (economic duress) without prejudice for failing to meet the pleading requirements."  *HCRI TRS Acquirer, L.L.C.*, 708 F.Supp.2d at 693.

[17]*Twombly* "states a principle that applies also in the context of a defendant asserting an affirmative defense."  *Safeco Ins. Co. of America*, 2008 WL 2558015 at 1.

[18]"Because Defendants' proposed affirmative defenses do not meet the standard of plausibility imposed under *Twombly*; because they have not established that the underlying facts or circumstances relied upon may be a proper subject of relief, as contemplated by *Forman*; and because they have not established that the interests of justice would be served by the relief sought, Defendants' Motion to Amend Pleadings is DENIED."  *Shinew*, 2009 WL 1076279 at 6.

[19]"*Twombley's* analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c)."  *First Nat. Ins. Co. Of America*, 2009 WL 22861 at *2.

*D.J. Miller Music Distributors, Inc.*, No. 09-01098, 2011 WL 4729811, 15 (M.D.Tenn. Oct. 7, 2011) (denying motion to strike affirmative defenses, where one of the defenses was "Plaintiffs' claims are barred by the doctrine of unclean hands.").[20] Doc. Ent. 9 at 17-18.

In reply, plaintiff reiterates its arguments that "*Twombly* applies to affirmative defenses[,]" Doc. Ent. 11 at 2-3, and that "Southgate's affirmative defenses in Paragraphs 23 and 24 should be stricken." Doc. Ent. 11 at 4-6. As to the fair notice standard, plaintiff claims that "*First National* involved an affirmative defense to a claim that necessarily gave plaintiff notice of the nature of the defense." According to plaintiff, "*First National* involved a breach of contract claim which would necessarily be barred by plaintiff's own wrongful actions." Likewise, citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 611-612 (6th Cir. 1998),[21] plaintiff asserts "the affirmative defense of res judicata was deemed sufficient to give plaintiffs sufficient notice of the basis for the defense giving the specific facts and knowledge held by plaintiff in that particular action." Doc. Ent. 11 at 5.

Here, plaintiff claims, "there was nothing International could do to mitigate its damages." Doc. Ent. 11 at 5. Also, plaintiff argues that "claims for violation of International's free speech rights cannot be caused by International's own actions or anyone else's." Doc. Ent. 11 at 6

---

[20]"[T]he *Twombly/Iqbal* standard is inapplicable to affirmative defenses." *Sony/ATV Music Pub. LLC*, 2011 WL 4729811 at 13.

[21]"Sun gave notice to the plaintiffs that it would rely on the defense of res judicata in its answer, which specifically states that Sun is relying upon the doctrine of res judicata as a defense." *Davis*, 148 F.3d at 612.

(citing *Ruffin v. Frito-Lay, Inc.*, No. 09-14664, 2010 WL 2663185, 3 (E.D. Mich. June 10, 2010) (report and recommendation of Binder, M.J.)).[22]

I note that some of the Courts of Appeal have touched upon the application of *Twombly* and *Iqbal* to affirmative defenses. *See Jaso v. The Coca Cola Co.*, 435 Fed.Appx. 346, 351 (5th Cir. 2011) ("Nor did the pleading standards announced in [*Twombly*], 'revise the allocation of burdens concerning affirmative defenses.'") (quoting *Davis*, 541 F.3d at 763); *Davis v. Indiana State Police*, 541 F.3d 760, 763-764 (7th Cir. 2008) ("When *Erickson v. Pardus*, 551 U.S. 89[] (2007), and [*Twombly*], restated the requirements of Fed.R.Civ.P. 8, the Justices did not revise the allocation of burdens concerning affirmative defenses; neither *Erickson* nor *Bell Atlantic* mentions affirmative defenses in general or *Gomez [v. Toledo*, 446 U.S. 635 (1980)] in particular."); *VanZandt v. Oklahoma Dept. of Human Services*, 276 Fed.Appx. 843, 847 (10th Cir. 2008) ("The *Twombly* standard has greater 'bite' in these contexts, 'reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest [possible] stage of a litigation.'") (citations omitted); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) ("The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest possible stage of a litigation.'") (footnote and citations omitted).

However, as defendants points out, "in the absence of clear case law from the Sixth Circuit ruling that the *Twombly* and *Iqbal* heightened pleading requirements apply to affirmative

---

[22]*Ruffin*, 2010 WL 2663185, *3 ("As to the failure-to-mitigate affirmative defense, since Plaintiff is seeking future pay damages, and 'the burden of proving a failure to mitigate future pay rest[s] with Defendant[,]' *Stockman v. Oakcrest Dental Center, P.C.*, 480 F.3d 791, 799 (6th Cir.2007), I suggest that this affirmative defense passes the fair notice and the *Twombly/I[q]bal* standard and should not be stricken.").

defenses,[] the existing fair notice standard articulated in [*Lawrence v. Chabot*, 182 Fed.Appx. 442 (6th Cir. 2006)] continues to control." Doc. Ent. 9 at 10-11. In this regard, defendant relies upon several cases, including some from the Eastern District of Michigan. *See Recticel Automobilsysteme GMBH v Automotive Components Holdings, LLC*, No. 10-14097, 2011 WL 5307797 (E.D. Mich. November 3, 2011) (Cox, J.) (opinion and order granting in part and denying in part plaintiffs' motion to dismiss defendant's inequitable conduct counterclaim and strike affirmative defenses); *Jeeper's of Auburn, Inc v KWJB Enterprise, LLC*, No. 10-13682, 2011 WL 1899195, p 1 (E.D. Mich. Mar. 16, 2011) (Hluchaniuk, M.J.) (report and recommendation regarding plaintiff's motion to strike), adopted 2011 WL 1899531 (E.D. Mich. May 19, 2011) (O'Meara, J.) (order denying plaintiff's motion to strike defendants' affirmative defenses) and *Hahn v Best Recovery Services, LLC*, No. 10-12370, 2010 WL 4483375 (E.D. Mich. Nov. 1, 2010) (Duggan, J.) (opinion and order denying plaintiff's motion to strike defendant Best Recovery's affirmative defense or, alternatively for judgment on the pleadings or, alternatively for more definite statement). *See also Ruffin v. Frito-Lay, Inc.*, No. 09-cv-14664, 2010 WL 2663185, 2 (E.D. Mich. 2010) (Binder, M.J.) (magistrate judge's report and recommendation on plaintiff's motion to strike affirmative defenses ).[23]

In reply, International Outdoor points out:

The "[C]ourt may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "A three-part test has been developed to determine whether a federal court should strike an affirmative defense: '(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the

---

[23]"The Sixth Circuit has yet to decide whether the new pleading standards announced in Twombley and Iqbal apply to affirmative defenses and the district courts are divided on the issue." *Ruffin*, 2010 WL 2663185 at 2.

requirements of [Rules] 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge—in other words, if it is impossible for defendant[ ] to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.' " *FTC v. Mazzoni & Son, Inc.*, No. 06–15766, 2007 WL 2413086, at *2 (E.D. Mich. Aug.14, 2007) [Feikens, J.] (quoting *Williams v. Provident Inv. Counsel, Inc.*, 279 F.Supp.2d 894, 904–05 (N.D. Ohio 2003)). Thus, if a question of fact exists regarding proof of an affirmative defense, then dismissal is not appropriate.

*MFS & Co., LLC v. Caterpillar, Inc.*, No. 09-14063, 2011 WL 4693897, 10 (E.D. Mich. Oct. 6, 2011) (Rosen, J.).

Upon consideration, I conclude that the Court should deny plaintiff's motion to the extent it requests that the Court strike affirmative defense Nos. 23 and 24. First, I agree with defendants that, in the absence of clear direction from the Sixth Circuit that affirmative defenses must be pleaded in accordance with *Twombly* and *Iqbal*, affirmative defense Nos. 23 and 24 should not be stricken for failure to satisfy the *Twombly* / *Iqbal* standard. Second, I am not convinced that affirmative defense Nos. 23 and 24 should be stricken on the basis that they do not satisfy the fair notice standard. *See Lawrence v. Chabot*, 182 Fed.Appx. 442 (6th Cir. 2006),[24] *Davis v. Sun Oil Co.*, 148 F.3d 606 (6th Cir. 1998).[25]

**7.** **Timeliness.** Lastly, defendant City of Southgate argues that plaintiff's December 13, 2011 motion to strike the October 26, 2011 affirmative defenses is untimely. Doc. Ent. 9 at 18. In pertinent part, Fed. R. Civ. P. 12 provides:

---

[24]"'An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence*, 182 Fed.Appx. at 456 (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274).

[25]"'An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense.'" *Davis*, 148 F.3d at 614 (quoting 5 Charles Alan Wright & Arthur R. Miller, 5 Federal Practice and Procedure § 1274 (emphasis added)).

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f) ("Motion to Strike.").

Specifically, City of Southgate responds that "[p]laintiff filed its Motion to Strike after more than the 21 days allowed for under Rule 12(f)." It is City of Southgate's position that "[w]hile Rule 12(f) also provides that the Court can strike affirmative defenses sua sponte, nonetheless, Plaintiff's Motion to Strike should be denied as untimely." Doc. Ent. 9 at 18.

Upon consideration, I conclude that plaintiff's December 13, 2011 motion (Doc. Ent. 7) should not be denied solely on the basis that it is untimely under Fed. R. Civ. P. 12(f).

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than five (5) pages in

length

unless by motion and order such page limit is extended by the Court. The response shall

address

specifically, and in the same order raised, each issue contained within the objections.


Dated: April 26, 2012   s/Paul J. Komives
          PAUL J. KOMIVES
          UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on April
26, 2012, electronically and/or by U.S. mail.


          s/Michael Williams
          Relief Case Manager for the Honorable
          Paul J. Komives