UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL OUTDOOR, INC.,

    Plaintiff,                                      Case No. 11-14719

v.                                              Hon. Gerald E. Rosen

CITY OF SOUTHGATE,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

        By opinion and order dated October 29, 2012, the Court granted in part Defendant's motion for summary judgment, agreeing with Defendant's contention that Plaintiff lacked standing to bring this suit.  Through the present motion filed on November 9, 2012, Plaintiff seeks reconsideration of this ruling.  For the reasons stated briefly below, the Court finds no basis for revisiting the rulings in its October 29 opinion.

        In moving for reconsideration of the Court's October 29 decision, Plaintiff argues that the Court erred in construing Defendant's sign ordinance as imposing height and area restrictions on Plaintiff's proposed off-premises billboards, so that these billboards would have exceeded the ordinance's height and area limits even if another provision in this same ordinance did not altogether prohibit the erection of new off-premises signs. Plaintiff maintains that this Court's reading of the sign ordinance runs afoul of Michigan law, as evidently best illustrated by an unpublished, unreported, 35-year-old decision in

which the Michigan Court of Appeals found that the plaintiff advertising company's off-premises signs need not comply with the defendant municipality's "regulations for on-premises signs." *Central Advertising Co. v. City of Novi,* No. 31153, slip op. at 3 (Mich. Ct. App. Sept. 14, 1977).[1]  The court in that case observed that "[t]he regulations in defendant's ordinance apply to three types of signs — on-premises signs, temporary signs, and signs permitted in all districts," and it reasoned that off-premises signs "necessarily were not included" in these regulations "because the ordinance prohibits them." *Id.*  Likewise, in this case, Plaintiff argues that the height and area restrictions in Defendant's sign ordinance should not be read as applying to Plaintiff's proposed off-premises signs, given that another provision in this ordinance outright prohibits all such off-premises signs.

Under Local Rule 7.1(h)(3) of this District, this Court ordinarily "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  In its October 29 decision, the Court squarely addressed (and rejected) Plaintiff's preferred construction of Defendant's sign ordinance, explaining that it was "defeated by the plain language of the ordinance itself."  (10/29/2012 Op. at 15.)  More specifically, the Court observed that the ordinance's height and area restrictions "apply to all free-standing signs in any Commercial or Industrial District," (*id.* (internal quotation marks, alteration, and citation

---

[1] Plaintiff directed the Court's attention to this unreported Michigan appellate court decision in its response to Defendant's summary judgment motion, (*see* Plaintiff's 5/4/2012 Response Br. at 5), and provided a copy of this decision as an exhibit to its response.

omitted)), without distinguishing between on- and off-premises signs.  The Court further noted that each of Plaintiff's proposed billboards indisputably fell within the ordinance's definition of a "free-standing sign."  (*Id.*)  It readily followed, therefore, that Plaintiff's proposed billboards were subject to the sign ordinance's height and area restrictions.

Having already ruled on this issue, the Court sees no need to address it any further. In any event, the Court is quite confident that its reading of Defendant's sign ordinance, which rests on the plain language of the ordinance itself, fully comports with the Michigan law governing the interpretation of municipal ordinances.  *See, e.g., Ahearn v. Charter Township of Bloomfield,* 235 Mich. App. 486, 597 N.W.2d 858, 863 (1999) (explaining that "[t]he rules of statutory interpretation apply to the interpretation of ordinances," and that "[i]f statutory language is clear and unambiguous, further judicial construction is neither necessary nor permitted, and the language must be applied as written").

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's November 9, 2012 motion for reconsideration (docket #29) is DENIED.

Dated:  November 27, 2012         s/Gerald E. Rosen
                                  Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 27, 2012, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager